Evans, J.,
delivered the opinion of the Court.
The only question argued in this case, is that which relates to the competency of Mrs. Herndon as a witness. In relation to the other grounds, it is conceded that the construction put on the Acts of the Legislature of North Carolina, by the Circuit Court, is the same as that given by the Supreme Court of that State. See 4 Dev. 73, 78. 2 Dev. 289.
In the case of Forretier v. the attaching creditors of Guere-neau, 1 M’C., 304, it was decided, on an issue like the present, that the wife of the absent debtor was not a competent witness, because the husband was interested. It does not appear very clearly in what way the husband was interested, but the Court put the decision on that ground, and this case is to be decided by the same test.
It is argued, that as the proceeding by attachment is in rem, and as no other property has been levied on besides this negro woman Daphne, if the right of property is established in M’Kib-bon, the suit in attachment will fail, and consequently the witness would be saved the cost, of the attachment case, and therefore she is interested to that amount. It is to be observed, that at the time this question was made as to her competence, the fact of her liability to M’Kibbon was not before the Court, and the Judge was called on to decide on her competence merely on the ground that she was the defendant in the attachment, and therefore interested in defeating the plaintiff’s action, as she would thereby save the cost of that case: but in the aspect which the case then presented, she had a much greater interest on the other side, in subjecting the negro to the payment of her own debt.
But when, in the progress of the case, it appeared that the defendant M’Kibbon claimed Daphne on an exchange with her, then she stood in the position of one who has an interest on both sides to the extent of the value of the negro. All the authorities agree, that where a witness’ interest is balanced, he is competent on either side, although he might not be competent on the side where it was clear his greater interest lay. In this case *35 the witness’ interest is apparently equal. On contingencies hereafter to be developed, it may turn out that she has the greater interest in favor ofM’Kibbon; but it is equally probable that future events may shew, that her greater interest would be to maintain the right of the plaintiff to subject Daphne to her debts. The interest which disqualifies a witness must be direct and certain, and not contingent and remote. We think, therefore, there was no legal objection to the competence of Mrs. Herndon, and the motion is dismissed.
Richardson, J., Butler. J., O’Neall, J., and Wardlaw, J., concurred.
Frost, J., dissented.